**STATE, Plaintiff, v. KEARNS, Defendant.**

Common Pleas Court, Franklin County.

No. 34977. Decided February 28, 1955.

Robert E. Albright, Justin L. Sillman, R. Rush Warren, Columbus, for the state.

John J. Chester, Columbus, for defendant.

## OPINION

By BARTLETT, J.

1. THE DEMURRER TO THE INDICTMENT IS SUSTAINED SINCE THE FACTS STATED THEREIN DO NOT CONSTITUTE AN OFFENSE PUNISHABLE BY LAW.

2. THIS PURPORTS TO BE AN INDICTMENT FOR CHAMPERTY; BUT OMITS THE AVERMENT OF A MATERIAL ELEMENT OF SUCH AN OFFENSE, THAT THERE WAS A BARGAIN BETWEEN WAYNE C. MURRAY AND FRANK H. KEARNS, IN THE EVENT OF THE FAVORABLE TERMINATION OF THE CONTEMPLATED LITIGATION. SUCH INDICTMENT FURTHER OMITS ANOTHER MATERIAL ELEMENT OF SUCH OFFENSE, THAT KEARNS AS PROSECUTING ATTORNEY WAS AN ENTIRE STRANGER TO THE SUBJECT MATTER OF THE CONTROVERSY, OR THAT AS SUCH OFFICER HE HAD NO PRIOR ACTUAL INTEREST THEREIN.

3. THERE IS NO SHOWING ON THE FACE OF THE INDICTMENT THAT THE SUBJECT OF THE CONTROVERSY WAS NOT OF SUCH A NATURE THAT IT WAS THE DUTY OF THE PROSECUTING ATTORNEY TO PRESENT THE FACTS INVOLVED TO THE GRAND JURY. IN FACT THE INDICTMENT FAILS TO DISCLOSE THE SUBJECT MATTER IN DISPUTE.

The indictment is for champerty under §2917.43 R. C., charging simply that on a certain date, Frank H. Kearns, being an attorney at law, did encourage and assist one Wayne C. Murray to make defenses to a contemplated civil action against said Wayne C. Murray by one Chester A. Withrow by the use of his office as Prosecuting Attorney in attempting to obtain an indictment by the Grand Jury, with the intent to injure said Chester A. Withrow.

The statute (§2917.43 R. C.) for champerty provides:

"No * * * attorney at law shall encourage, excite, or stir up a suit, quarrel, or controversy between two or more persons with intent to injure any of such persons."

No bargain is averred between Wayne C. Murray and Frank H. Kearns in the event of the favorable termination of the litigation. This is an essential element in the crime of champerty. **Key v. Vattier, 1 Ohio, 132.**

No averment is made that Frank H. Kearns as Prosecuting Attorney was a stranger to the subject matter of the contemplated law suit, or that as such officer he had no prior actual interest in the subject matter of such suit. This is another element of the crime of champerty. If officially he had a prior actual interest, however slight, in the subject matter of such a law suit, the prosecution thereof will not be regarded as champertous. **Ruse v. Kyle, 49 Oh St 475; Key v. Vattier, 1 Ohio 132.**

There is no showing on the face of the indictment that the subject matter of the contemplated law suit, did not make it the duty of the prosecuting attorney to present the facts involved to the Grand Jury. In fact the indictment does not even disclose the subject matter in dispute if such law suit were filed.

Moreover, it is the policy of the law, in furtherance of justice, that the preliminary inquiry before a Grand Jury must be held in secrecy. Consequently no evidence will be received from the Grand Jurors, the witnesses or any other person in the Grand Jury room, as to what evidence was presented to that forum by the Prosecuting Attorney or any other person. State v. Schroeder, et al., 16 N. P. (N. S.) 265; **State v. Rhoades, 81 Oh St 397;** State v. Woolard, et al., 12 N. P. (N. S.) 395; **Turk v. State, 7 Ohio, Part II, p. 240.**

The demurrer to the indictment is sustained since the facts stated therein do not constitute an offense punishable by the laws of Ohio.